UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

JOANNE BORIS,

                                 Plaintiff,

            -against-

THE CITY OF NEW YORK, POLICE OFFICER
KHALED MOHASSIB, tax # 943578, POLICE
OFFICERS JOHN & JANE DOES 1-5,

                                 Defendants.

**COMPLAINT**

**TOWNES, J.**

Jury Trial Demanded

**GOLD, M.J.**

CV 12-4810

ORIGINAL

------------------------------------------------------------------- x

## **PRELIMINARY STATEMENT**

      1.      Plaintiff brings this civil rights action against the City of New York and several New York City Police Officers alleging that, on June 5, 2012, at approximately 5:15 p.m., defendants violated her rights under 42 U.S.C. § 1983, the Fourth Amendment to the United States Constitution and New York state law by falsely arresting her and using unreasonable force on her. Plaintiff was released from custody on June 7, 2012, at approximately 5:15 p.m., when the false criminal charges were adjourned in contemplation of dismissal. Plaintiff seeks compensatory and punitive damages, attorney's fees and costs and such other and further relief as the court deems just and proper.

## **JURISDICTION & VENUE**

      2.      This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth Amendment to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

      3.      Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide her New York state law claims of false arrest, assault, battery

and vicarious liability which form part of the same case and controversy as her federal claims under Article III of the United States Constitution.

4. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and (c) because the City of New York resides in and is subject to personal jurisdiction in this District and because the incident in question occurred in this District.

## NOTICE OF CLAIM

5. With respect to plaintiff's state law claims, a notice of claim was duly filed with the City within 90 days of the arrest of plaintiff, more than 30 days have elapsed since such filing and the City has not offered to settle plaintiff's state law claims.

## JURY TRIAL

6. Pursuant to Fed. R. Civ. P. 38, plaintiff demands a jury trial.

## PARTIES

7. Plaintiff is a United States citizen.

8. The City of New York is a municipal corporation organized under the laws of the State of New York.

9. The individual defendants are members of the New York City Police Department ("NYPD"). Defendants were acting under color of state law and in their capacities as members of the NYPD at all relevant times. Defendants are liable for directly participating in the unlawful acts described herein and for failing to intervene to protect plaintiff from unconstitutional conduct. The defendants are sued in their individual capacities.

## STATEMENT OF FACTS

10. On June 5, 2012, at approximately 5:15 p.m., plaintiff, a woman in her 50s with no arrest history or criminal record, was sitting on a bench in the vicinity of 2344 Bragg Street between Avenues X and W in Brooklyn.

11. Although plaintiff had not committed a crime nor acted in a suspicious manner, defendants arrested her.

12. Although plaintiff was compliant, defendants, acting in concert, grabbed plaintiff's left arm, where plaintiff has a pre-existing injury, and handcuffed her excessively tight, causing her pain and injury.

13. Defendants refused plaintiff's requests to loosen the cuffs.

14. Defendants had plaintiff transported to PSA 1.

15. Defendants falsely charged plaintiff in police reports with disorderly conduct and resisting arrest.

16. Further, defendants misrepresented to prosecutors that plaintiff had committed the aforesaid offenses in an attempt to have plaintiff prosecuted.

17. Plaintiff was released from custody on June 7, 2012, at approximately 5:15 p.m., when the false criminal charges were adjourned in contemplation of dismissal.

18. Plaintiff suffered damage as a result of defendants' actions. Plaintiff was incarcerated for well over 24 hours and suffered a loss of liberty, emotional distress, fear, anxiety, embarrassment, humiliation, damage to reputation and pain and physical injuries.

## FIRST CLAIM
## (FALSE ARREST)

19. Plaintiff repeats the foregoing allegations.

20. At all relevant times, plaintiff did not commit a crime or violation.

21. Despite plaintiff's innocence, the defendants arrested plaintiff or failed to intervene to prevent his false arrest.

22. Accordingly, the defendants are liable to plaintiff under the Fourth Amendment for false arrest.

## SECOND CLAIM

## (UNREASONABLE FORCE)

23. Plaintiff repeats the foregoing allegations.

24. Defendants' use of force upon plaintiff or their failure to intervene to stop the use of force on her was objectively unreasonable and caused plaintiff pain and physical injuries.

25. Accordingly, the defendants are liable to plaintiff under the Fourth Amendment for using unreasonable force on her.

## THIRD CLAIM

## (FAILURE TO INTERVENE)

26. Plaintiff repeats the foregoing allegations.

27. Defendants had a reasonable opportunity to prevent the violations of plaintiff's constitutional rights, but they failed to intervene.

28. Accordingly, the defendants are liable to plaintiff for failing to intervene to prevent the violation of plaintiff's constitutional rights.

## FOURTH CLAIM

## (*MONELL* CLAIM AGAINST THE CITY OF NEW YORK)

29. Plaintiff repeats the foregoing allegations.

4

30. The City of New York is a "person" within the meaning of 42 U.S.C. § 1983.

31. The City of New York, through a policy, practice or custom, directly caused the constitutional violations suffered by plaintiff.

32. Upon information and belief, the City of New York, at all relevant times, was aware that the defendants and other members of the NYPD are unfit officers who have previously committed acts similar to those alleged herein, have a propensity for unconstitutional conduct and/or have been inadequately trained.

33. In addition to frequently violating the civil rights of countless residents of New York City, numerous members of the NYPD commit crimes. Officers have been arrested and convicted of such crimes as planting evidence on suspects, falsifying police reports, perjury, corruption, theft, selling narcotics, smuggling firearms, robbery, fixing tickets, driving under the influence of alcohol, vehicular homicide, assault and domestic violence. In fact, former NYPD Commissioner Bernard Kerik was convicted of corruption-related crimes in federal and state court and served time in federal prison. In 2011, Brooklyn South narcotics officer Jerry Bowens was convicted of murder and attempted murder in Supreme Court, Kings County, while under indictment for corruption and is presently serving a life sentence. In 2011, Police Officer William Eiseman and his subordinate Police Officer Michael Carsey were convicted of felonies in Supreme Court, New York County, for lying under oath, filing false information to obtain search warrants and performing illegal searches of vehicles and apartments. In 2012, New York City Police Officer Michael Pena was convicted in Supreme Court, New York County, of raping and sexually assaulting a woman at gunpoint and is presently serving a sentence of 75 years to life.

34. In October 2011, former Brooklyn South narcotics officer Jason Arbeeny was convicted in New York Supreme Court, Kings County, of planting drugs on two individuals and falsifying arrest reports. Before issuing a verdict of guilty, the judge scolded the NYPD for what he described as a "widespread culture of corruption endemic in its drug units." The judge further stated that the testimony demonstrated that the NYPD narcotics divisions maintain a "cowboy culture" and that he was "shocked, not only by the seeming pervasive scope of misconduct but even more distressingly by the seeming casualness by which such conduct is employed."

35. At least one federal court has recognized that there is widespread falsification by members of the NYPD. In *Colon v. City of New York,* Nos. 09 CV 8, 09 CV 9 (JBW), 2009 WL 4263362 (E.D.N.Y. November 25, 2009), the court stated that an "[in]formal inquiry by the court and among the judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department."

36. Another federal court held in *Floyd v. City of New York*, 08 Civ. 1034 (S.D.N.Y. May 16, 2012) that the City of New York's and the NYPD's "cavalier attitude towards the prospect of a 'widespread practice of suspicionless stops' displays a deeply troubling apathy towards New Yorkers' most fundamental constitutional rights."

37. Despite the above, the City exercised deliberate indifference by failing to take remedial action. The City failed to properly train, retrain, supervise, discipline and monitor the defendants and other officers like them.

38. The City's failure to act resulted in the violation of plaintiff's constitutional rights as described herein.

## FIFTH CLAIM

## (FALSE ARREST UNDER STATE LAW)

39. Plaintiff repeats the foregoing allegations.

40. At all relevant times, plaintiff did not commit a crime or violation.

41. Despite plaintiff's innocence, the defendants arrested plaintiff or failed to intervene to prevent her false arrest.

42. Accordingly, the defendants are liable to plaintiff under New York state law for false arrest.

## SIXTH CLAIM

## (ASSAULT)

43. Plaintiff repeats the foregoing allegations.

44. Defendants' seizure and search of plaintiff and use of force upon plaintiff placed plaintiff in fear of imminent harmful and offensive physical contacts which injured her.

45. Accordingly, the defendants are liable to plaintiff under New York state law for assault.

## SEVENTH CLAIM

## (BATTERY)

46. Plaintiff repeats the foregoing allegations.

47. Defendants' seizure and search of plaintiff and use of force upon plaintiff were offensive and nonconsensual physical contacts which injured plaintiff.

48. Accordingly, the defendants are liable to plaintiff under New York state law for battery.

7

## EIGHTH CLAIM

## (VICARIOUS LIABILITY CLAIM AGAINST CITY OF NEW YORK)

49. Plaintiff repeats the foregoing allegations.

50. The individual defendants were acting within the scope of their employment as members of the NYPD when they falsely arrested, assaulted and battered plaintiff.

51. Accordingly, the City of New York is vicariously liable to plaintiff under New York state law for false arrest, assault and battery.

WHEREFORE, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

    a. Compensatory damages in an amount to be determined by a jury;

    b. Punitive damages in an amount to be determined by a jury;

    c. Attorney's fees and costs;

    d. Such other and further relief as the Court may deem just and proper.

DATED:   September 26, 2012

 

_____
RICHARD CARDINALE
Attorney at Law
26 Court Street, Suite # 1815
Brooklyn, New York 11242
(718) 624-9391